UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN L.P. FALLON, Plaintiff

v.

GARY BARNETT, Defendant     CIVIL ACTION NO. 10-10972-GAO

SWITELL HOLDINGS LLC,
EXTELL BF LLC,
EXTELL BOSTON HOLDINGS LLC,
EXTELL BOSTON RESIDENTIAL LLC,
and
EXTELL BOSTON ATLANTIC LLC,

   Reach and Apply Defendants

## ANSWER OF DEFENDANTS

Defendant Gary Barnett and each of the Reach and Apply Defendants (collectively, "Defendants") respond to the enumerated paragraphs in the Verified Complaint ("Complaint") in this action as follows:

1.    Defendants admit that Gary Barnett ("Barnett") entered into a Sale of Interests, Settlement and Release Agreement ("Agreement") on or about April 22, 2009, which Agreement speaks for itself. Defendants admit that Barnett has paid no more than $350,000 to Brian Fallon ("Fallon") under the Agreement since the date of its execution. The allegations in paragraph 1 concerning the terms of the Agreement and the amounts remaining due to Fallon contain legal conclusions to which no response is required. Barnett lacks knowledge or information sufficient to form a belief as to the reasons that Fallon has filed this lawsuit. Barnett denies any remaining allegations in paragraph 1 of the Complaint.

1

2. Barnett lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Denied.

4. Admitted.

5. Defendants admit the first and third sentences of paragraph 5 but deny any remaining allegations in that paragraph.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendants admit that Barnett and Fallon met on occasion in the Boston area, but otherwise deny the allegations in paragraph 13.

14. Defendants admit that Barnett conducted business through Extell's Boston office on some occasions during 2002 through 2009, but otherwise deny the allegations in paragraph 14.

15. Admitted.

16. The allegations in this paragraph call for a legal conclusion to which no response is required.

17. Admitted.

18. Denied.

2

1055193/1/17376/2

19. Defendants admit that Extell BG was formed in or about 2002, but otherwise deny the allegations in this paragraph.

20. Admitted.

21. Admitted.

22. Defendants admit the first two sentences in paragraph 22. As to the third sentence, Defendants admit that Barnett is a manager of Switell, but deny the remaining allegations in that sentence.

23. Defendants admit that Extell Cambridge LLC, Extell Longwood Medical LLC, and Extell Boston were formed in or after 2002 as set forth in the corporate documents for these entities which speak for themselves. Defendants deny any remaining allegations in paragraph 23.

24. Admitted.

25. Defendants admit that Extell Boston directly or indirectly owns the Subsidiaries as defined in paragraph 25. Defendants admit the second sentence in paragraph 25. Defendants deny any remaining allegations in paragraph 25.

26. Denied.

27. Denied.

28. Defendants admit that Barnett has owned a percentage interest in Switell, but otherwise deny the allegations in paragraph 28.

29. Defendants admit that Barnett has owned a percentage interest in Extell BG through his ownership interest in Switell and as the transferee of Fallon's interest in Extell BG. Defendants deny any remaining allegations in paragraph 29.

1055193/1/17376/2

30. Defendants admit that Barnett owns a percentage interest in Extell BG which is an owner of Extell Boston, but otherwise denies the allegations in paragraph 30.

31. Defendants admit that Barnett has an ownership interest in Extell Boston which has an interest in certain Subsidiaries including Extell Condo and Extell Atlantic. Defendants deny any remaining allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32 as stated. Further answering, defendants state that in 2008 Fallon resigned his employment position with Extell Development Company.

33. Defendants admit that on or about April 22, 2009 Fallon and Barnett entered into the Agreement, a copy of which is attached to the Verified Complaint as Exhibit A. The Agreement speaks for itself. Defendants deny any remaining allegations in paragraph 33.

34. The allegations in paragraph 34 concern the terms of the Agreement, which speak for themselves.

35. The allegations in paragraph 35 concern the terms of the Agreement, which speak for themselves.

36. The allegations in paragraph 36 concern the terms of the Agreement, which speak for themselves.

37. Admitted.

38. The allegations in paragraph 38 concern the terms of the Agreement, which speak for themselves.

39. The allegations in paragraph 39 concern the terms of the Agreement, which speak for themselves.

1055193/1/17376/2

40. Denied.

41. The allegations in paragraph 41 concern the terms of the Agreement, which speak for themselves.

42. The allegations in paragraph 42 concern the terms of the Agreement, which speak for themselves.

43. Defendants admit that Barnet has not paid Fallon $1.3 million. Further answering, defendants state that Barnett and Fallon were engaged in settlement discussions up to the filing of this lawsuit. The remaining allegations of paragraph 43 contain legal conclusions and concern the terms of the Agreement and do not require a response.

44. Defendants admit that Barnett has informed Fallon that he does not have current cash sufficient to pay Fallon the full amount claimed to be due and owing by Fallon. Defendants deny the remaining allegations in paragraph 44.

45. Denied.

46. Defendants lack knowledge or information sufficient to form a belief as to Fallon's awareness or knowledge regarding insurance matters. Defendants are unaware of any insurance available to satisfy a judgment in this action.

47. The allegations in paragraph 47 are vague and ambiguous, precluding a definitive response. Defendants admit that Barnett does not own any assets in Massachusetts. Since defendants are unable to understand the remaining allegations in paragraph 47, those allegations are denied.

48. The allegations in paragraph 48 are vague and ambiguous. Defendants admit that Barnett individually does not receive sales proceeds directly when a

5

condominium unit at the InterContinental Condominium is sold.  Further answering, defendants state that, upon the sale of any InterContinental Condominium unit, sales proceeds are distributed in accordance with the organizational documents of the owner of any such unit.  Since defendants are unable to understand any remaining allegations in paragraph 48, those allegations are denied.

49. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

50. The allegations in paragraph 50 contain legal conclusions to which no response is required.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Defendants admit that Barnett has not paid $1.3 million to Fallon.  The remaining allegations of paragraph concern the terms of the Agreement and contain legal conclusions to which no response is required.

53. The allegations in paragraph 53 concern the terms of the Agreement which speak for themselves and contain legal conclusions to which no response is required.

54. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

55. The allegations in paragraph 55 concern the terms of the Agreement, which speak for themselves and contain legal conclusions to which no response is required.

56. Denied.

57. Denied.

58. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

59. Denied as stated. Barnett executed the Agreement, which speaks for itself.

60. Denied as stated. Barnett entered into the Agreement, which speaks for itself.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. Denied.

63. Denied.

64. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

65. The allegations in paragraph 65 contain legal conclusions to which no response is required.

66. Defendants lack knowledge or information sufficient to form a belief as to the precise value, if any, of Barnett's interest in Switell. Defendants deny the remaining allegations in paragraph 66.

67. Denied.

68. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

69. The allegations in paragraph 69 contain legal conclusions to which no response is required.

70. Defendants lack knowledge or information sufficient to form a belief as to the precise value, if any, of Barnett's interest in Extell BG. Defendants deny the remaining allegations in paragraph 70.

71. Denied.

72. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

73. The allegations in paragraph 73 contain legal conclusions to which no response is required.

74. Defendants lack knowledge or information sufficient to form a belief as to the precise value, if any, of Barnett's interest in Extell Boston. Defendants deny the remaining allegations in paragraph 74.

75. Denied.

76. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

77. The allegations in paragraph 77 contain legal conclusions to which no response is required.

78. Defendants lack knowledge or information sufficient to form a belief as to the precise value, if any, of Barnett's interest in Extell Condo. Defendants deny the remaining allegations in paragraph 78.

79. Denied.

80. Defendants repeat and incorporate by reference here their response to each and every other paragraph of the Verified Complaint.

81. The allegations in paragraph 81 contain legal conclusions to which no response is required.

82. Defendants lack knowledge or information sufficient to form a belief as to the value, if any, of Barnett's interest in Extell Atlantic. Defendants deny the remaining allegations in paragraph 82.

83. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over each of the defendants.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims may be barred under the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims may fail for lack of consideration.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims may be barred under the doctrine of laches or under an applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims may be barred under the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims may have been waived.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims may be barred on account of fraudulent or illegal conduct if applicable.

WHEREFORE, each of the defendants requests that the Court:

 (i)  dismiss the Complaint and/or enter judgment in favor of each defendant;

 (ii)  grant such other and further relief as the Court deems just.

            Defendant,
            GARY BARNETT, and
            Reach and Apply Defendants,
            SWITELL HOLDINGS LLC,
            EXTELL BF LLC,
            EXTELL BOSTON HOLDINGS LLC,
            EXTELL BOSTON RESIDENTIAL LLC, and
            EXTELL BOSTON ATLANTIC LLC

            By Their Attorneys,

            __/s/Nicholas J. Nesgos_____
            Nicholas J. Nesgos,  BBO No. 553177
            James E. Kruzer, BBO No. 670827
            Posternak Blankstein & Lund LLP
            Prudential Tower
            800 Boylston Street
            Boston, MA  02199
Dated: June 28, 2010     (617) 973-6100

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of June, 2010 the foregoing document has been led by electronic means through the ECF system.  Any of the following persons not receiving notification through ECF as noted on the Notification of Electronic Filing will be conventionally served by first class mail.

              /s/ Nicholas J. Nesgos